IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:21-cv-00758-SKC

D.A.L.,

      Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

      Defendant.

## OPINION AND ORDER

This action is before the Court pursuant to Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381-83(c), for review of the Commissioner of Social Security's final decision denying D.A.L.'s application for Supplemental Security Income ("SSI").

On May 19, 2021, the parties consented to the magistrate judge's jurisdiction to "conduct all proceedings in this civil action, including trial, and to order the entry of a final judgment." Dkt. 12.[1] Accordingly, the case was referred to this Court on December 13, 2018. Dkt. 21. The Court has carefully considered the Complaint, Dkt. 1, Plaintiff's Opening Brief, Dkt. 16, Defendant's Response Brief, Dkt. 19, Plaintiff's Reply, Dkt. 20, the entire case file, the Social Security Administrative Record ("AR"),

---

[1] The Court uses "Dkt. ___" to refer to specific docket entries in CM/ECF. The Court uses "AR: ___" to refer to entries from the Administrative Record. The Administrative Record may be found at Dkt. 15.

and applicable law. For the following reasons, the Court REMANDS the Commissioner's decision for further proceedings.

## A. BACKGROUND

On April 16, 2018, Plaintiff D.A.L. filed an application for SSI and alleged a disability onset date of April 16, 2018. AR: 1. Plaintiff alleged his ability to work was limited by head and back injuries, a leg injury and chronic knee pain, high blood pressure, and kidney issues. *Id*. at 240. Plaintiff was born on March 31, 1962, and was 56 years old on the date of his alleged disability onset. *Id*. at 248. He completed some high school and previously worked as a cashier and stocker in retail and grocery stores. *Id*. at 241

After his initial application was denied, Plaintiff requested a hearing (at which he was represented by counsel), which was held on August 18, 2020, before Administrative Law Judge Scott Bryant ("ALJ"). *Id*. at 61-92, 146-47. During the hearing, Plaintiff testified that he could not read or write and that family members had to assist him with both tasks. *Id*. at 68. He also testified that because of a car accident in 2017, he struggled physically and mentally, including difficulties concentrating and remembering information. *Id*. at 70-75.

Following the ALJ's decision denying his petition, Plaintiff requested review by the Appeals Council and submitted additional evidence regarding his neuropsychological impairments. *Id*. at 26-38. The Appeals Council denied his request on January 14, 2021, and did not consider the additional evidence because,

according to the Appeals Council, it was not related to the covered period. In doing so, the Appeals Council found Plaintiff's additional evidence was not relevant to whether he was disabled before September 9, 2020, the date of the ALJ's denial. *Id.* at 17-20. The decision of the ALJ then became the final decision of the Commissioner. 20 C.F.R. § 416.1481; *Nelson v. Sullivan*, 992 F.2d 1118, 1119 (10th Cir. 1993) (citation omitted). Plaintiff filed this action on March 12, 2021. Dkt. 1. The Court has jurisdiction to review the final decision of the Commissioner. 42 U.S.C. § 405(g).

## B. DISABILITY FRAMEWORK

A person is disabled within the meaning of the Social Security Act "only if his physical and/or mental impairments preclude him from performing both his previous work and any other 'substantial gainful work which exists in the national economy.'" *Wilson v. Astrue*, No. 10-cv-00675-REB, 2011 WL 97234, at *1 (D. Colo. Jan. 12, 2011) (quoting 42 U.S.C. § 423(d)(2).) "The mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months." *Id.* "[F]inding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant can hold whatever job he finds for a significant period of time." *Fritz v. Colvin*, 15-cv-00230-JLK, 2017 WL 219327,

3

at *8 (D. Colo. Jan. 18, 2017) (emphasis original, quoting *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994)).

The Social Security Regulations outline a five-step process to determine whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claiman's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*Wilson*, 2011 WL 97234, at *2 (citing 20 C.F.R. § 404.1520(b)–(f)); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). Impairments that meet a "listing" under the Commissioner's regulations (20 C.F.R. § Pts. 404 and 416, Subpt. P, App. 1)[2] and a

---

[2] Throughout this opinion, the Court and the cited cases may refer to relevant sections of Part 404 of Title 20 of the Code of Federal Regulations, which contain the Commissioner's regulations relating to disability insurance benefits. These are identical to the parallel regulations found in Part 416 of that same title, relating to supplemental security income benefits.

4

duration requirement are deemed disabling at step three with no need to proceed further in the five-step analysis. 20 C.F.R. § 416.920(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step"). Between the third and fourth steps, the ALJ must assess the claimant's residual functional capacity ("RFC"). *Id.* § 416.920(e). The claimant has the burden of proof in steps one through four. The Commissioner bears the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

On September 9, 2020, the ALJ issued his decision denying benefits. AR: at 41-60. The ALJ's opinion followed the five-step process outlined in the Social Security regulations. At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since April 16, 2018. *Id.* at 46. At step two, the ALJ found Plaintiff had the following severe impairments: neurocognitive disorder, traumatic brain injury, fracture in right lower extremity, and depression. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. *Id.* at 47-49.

> He then found Plaintiff had a residual functional capacity ("RFC")
>
> to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can frequently stoop and kneel. The claimant can perform simple, routine, repetitive tasks and would not be capable of carrying out complex tasks or analysis. The claimant can occasionally interact with supervisors, coworkers, and the public. The claimant can carry out production rate work but would be limited to a simple and routine environment. The claimant can adapt to changes in a simple, routine environment. The claimant can occasionally operate or drive a motor vehicle. The claimant can occasionally work around unprotected heights and hazardous machinery. The claimant

5

> can occasionally climb ladders, ropes, or scaffolds. The claimant can frequently engage in activities that require near and far visual acuity.

*Id*. at 49.

At step four, the ALJ concluded Plaintiff was unable to perform any of his past relevant work. *Id*. at 53-54. However, the ALJ also concluded there were other jobs in the economy Plaintiff could perform, including kitchen helper, cook helper, and hand packager. *Id*. at 54. Because there was a significant number of jobs Plaintiff could perform, the ALJ found he did not meet the definition of "disabled" for purposes of the Social Security Act. [*Id*.] Accordingly, Plaintiff's application for SSI was denied.

## C. STANDARD OF REVIEW

In reviewing the Commissioner's final decision, the Court is limited to determining whether the decision adheres to applicable legal standards and is supported by substantial evidence in the record as a whole. *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996) (citation omitted); *Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The Court may not reverse an ALJ simply because it may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in their decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

"Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (internal citation omitted). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the

6

record or constitutes mere conclusion." *Musgrave v. Sullivan,* 966 F.2d 1371, 1374 (10th Cir. 1992) (internal citation omitted). The Court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty,* 515 F.3d at 1070 (internal citation omitted). Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir. 1993) (internal citation omitted).

## D. ANALYSIS

Plaintiff makes several arguments on appeal. One of those arguments — the Appeals Council erred in its assessment of additional evidence — is sufficient on its own to warrant reversal. Therefore, the Court declines to address the remaining contentions as they may be impacted on remand. *See Watkins v. Barnhart,* 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of the case on remand.").

The submission of new evidence in the context of an application for SSI benefits is governed by 20 C.F.R. § 416.1470. It states the Appeals Council will consider additional evidence "that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." *Id.* at § 416.1470(a)(5). If the

7

Appeals Council determines the newly submitted evidence is not new, material, or temporally relevant, and therefore, declines to consider it, that determination is reviewed *de novo*. *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) (citation omitted). "If the evidence does not qualify, it plays no further role in judicial review of the Commissioner's decision." *Id.* (citation omitted); *see also Lawson v. Chater*, 83 F.3d 432, at *2 (10th Cir. Apr. 23, 1996) (unpublished) ("Evidence is new within the meaning of 20 C.F.R. 404.970(b) if it is not duplicative or cumulative" and "Evidence is material to the determination of disability if there is a reasonable [probability] that [it] would have changed the outcome").

In his decision denying Plaintiff's application, the ALJ specifically found unpersuasive the opinions of two medical sources—who opined Plaintiff had marked cognitive limitations—because they were not consistent with the opinions of the state agency consultant. AR: 51-54. The state agency consultant reviewed Plaintiff's records and concluded Plaintiff could carry out simple tasks with some limited social interactions. *Id*.

Following the denial on September 9, 2020, Plaintiff submitted a Neuropsychological Evaluation from Brain and Body Integration (Evaluation), dated November 19-21, 2020. AR: 28-38. In this statement, Dr. Stephanie Ravine stated Plaintiff's cognitive scores were in the below average range and that he likely struggles with visual perception and spatial reasoning. *Id*. at pp.29-30. She also noted, among other things, that Plaintiff likely has difficulties with verbal skills, the

8

ability to process verbal information, and the ability to comprehend language. *Id*. But because the evaluation occurred two months after the ALJ's final decision, the Appeals Council concluded the additional evidence did not relate to the covered period, and therefore, it did not consider it.

On appeal, Defendant does not address Plaintiff's contention that the Evaluation relates to the covered period and instead argues the Evaluation would have no likelihood of changing the ALJ's decision. Dkt. 19 at p.15. Defendant then proceeds to discuss the ways in which the Evaluation's findings are consistent with the ALJ's conclusions that Plaintiff only had moderate limitations. *Id*. Plaintiff contends, however, that the definition of "moderate" as used in the Evaluation is quite different than the regulatory definition, and thus, the Evaluation could have altered the ALJ's conclusions. Dkt. 20 at pp.3-5.

These opposing arguments are both reasonable interpretations, which is precisely why this Court declines to engage in a post hoc effort to salvage the Commissioner's decision. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004) (internal quotation marks omitted). This Court must evaluate the determination "based solely on the reasons stated in the decision." *Id*. Here, the Appeals Council did not consider the additional evidence based on the conclusion that it did not apply to the period at issue. However, the Evaluation does specifically consider Plaintiff's medical history from the covered period in its analysis. In addition, the Evaluation also included the "Test of Premorbid Functioning," which

suggested Plaintiff had experienced cognitive deficits throughout his life. Therefore, the new evidence is relevant (at least in part) to the covered period.[3]

This Court will not "overstep [its] institutional role and usurp essential functions committed in the first instance to the administrative process." *Robinson*, 366 F.3d at 1084-85. The case must be remanded to the ALJ for, at minimum, consideration of the new evidence.[4] *See Taylor v. Commissioner of Social Security Admin.*, 659 F.3d 1228 (9th Cir. 2011) (where the Appeals Council erroneously concluded the new evidence was not relevant to the covered time period, "remand to the ALJ is appropriate so [] the ALJ can reconsider its decision in light of the additional evidence").

## CONCLUSION

For the reasons set forth above, the Commissioner's decision is REMANDED for further proceedings consistent with this opinion. Plaintiff is awarded his costs, to be taxed by the Clerk of Court pursuant to Fed. R. Civ. P. 54(d)(1).

---

[3] In making these observations, the Court makes no conclusions as to what weight the Neurological Evaluation should be given, if any. Nor does this Court make any recommendation as to whether additional consultative examination is necessary. The ALJ has broad latitude in ordering consultative examinations, *Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997) (citing *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 778 (10th Cir. 1990)), and can make that determination based on his assessment of whether this additional evidence necessitates further investigation.

[4] By this decision, the Court is neither finding nor implying that the Appeals Council should grant Plaintiff's request to review the ALJ's findings and conclusions.

DATED: September 29, 2023.

BY THE COURT:

_____
S. Kato Crews
United States Magistrate Judge

11